IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 11 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00802-BNB

JOHN MICHAEL BROADUS,

    Plaintiff,

v.

WARDEN RAE TIMME,
LIEUTENANT JACKIE MCCALL,
LIEUTENANT DIRECTOR,
SERGEANT ERPS,
SERGEANT DAVIES,
CORRECTIONAL OFFICER HOLESTEAD,
CORRECTIONAL OFFICER MCCALL,
CORRECTIONAL OFFICER SNIDER,
CORRECTIONAL OFFICER LOPEZ,
CORRECTIONAL OFFICER STRICKLETT,
ANTHONY A. DECESARO,
MENTAL HEALTH DEPARTMENT, and
ARISTEDES ZAVARAS,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, John Michael Broadus, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Centennial Correctional Facility in Cañon City, Colorado. He initiated this action *pro se* by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983 for money damages. He was granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

The Court must construe Mr. Broadus's filings liberally because he is a *pro se*

litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Broadus will be ordered to file an amended complaint.

The Court has reviewed Mr. Broadus's complaint, and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because it is confusing and vague. Mr. Broadus asserts five claims concerning the conditions of his confinement while incarcerated at the DOC's Fremont Correctional Facility in Cañon City. He contends he was assaulted sexually and physically, forced to control and physically assault co-inmates, terminated from his job as a porter, and moved to other pods within his prison unit (claim one). He maintains that various defendants witnessed these incidents and failed to intervene or protect him from retaliation (claim two). He complains about the process he received during disciplinary and administrative segregation hearings, but fails to provide facts about, or distinguish between, the two proceedings (claim three). He argues that a defendant, in the presence of other defendants, used racial slurs to abuse him verbally, and his requests for mental health treatment have been ignored. (claim four). He makes imprecise allegations that grievances he filed should have put supervisors on notice of the alleged acts by correctional officers, his requested remedy was denied other than an investigation into his allegations, and he had an unfair administrative segregation hearing (claim five).

The complaint is vague and confusing. Mr. Broadus has failed to provide a short

and plain statement of his claims. See Fed. R. Civ. P. 8(a)(2). It is not clear to the Court, for example, whether the administrative segregation hearings Mr. Broadus refers to in claims three and five are related. He fails to distinguish between the two defendant correctional officers with the surname of McCall. He is suing an improper defendant.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. See **TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8. In order for Mr. Broadus to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v.**

*Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Broadus may not sue the State of Colorado or its entities, such as the DOC's mental health department. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).

In the amended complaint he will be directed to file, Mr. Broadus must assert personal participation by each named defendant in the alleged constitutional violations. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Broadus must name and show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166

(1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations he or she causes. **See Dodds v. Richardson**, 614 F.3d 1185, 1211 (10th Cir. 2010) (Tymkovich, J., concurring), **cert. denied**, 2011 WL 1529753 (U.S. Apr. 25, 2011).

Mr. Broadus may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Broadus uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Broadus will be directed to file an amended complaint that alleges the personal participation of each named defendant in the asserted constitutional violations, sues the proper parties, and complies with the pleading requirements of Rule 8. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." **New Home Appliance Ctr., Inc., v. Thompson**, 250 F.2d 881, 883 (10th Cir. 1957).

Accordingly, it is

ORDERED that Plaintiff, John Michael Broadus, file **within thirty days from the**

**date of this order** an amended complaint that complies with the instant order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Broadus, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form, one of which is to be used in submitting the amended complaint. It is

FURTHER ORDERED that if Mr. Broadus fails within the time allowed to file an amended Prisoner Complaint that complies with this order, the complaint and the action will be dismissed without further notice.

DATED May 11, 2011, at Denver, Colorado.

                                            BY THE COURT:

                                            s/ Boyd N. Boland
                                            United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00802-BNB

John Michael Broadus
Prisoner No. 82190
Centennial Correctional Facility
P.O. Box 600
Cañon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on May 11, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk