FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 1 2 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00802-BNB

JOHN MICHAEL BROADUS,

      Plaintiff,

v.

WARDEN RAE TIMME,
LIEUTENANT JACKIE MCCALL,
LIEUTENANT DIRECTO,
SERGEANT ERPS,
SERGEANT DAVIES,
CORRECTIONAL OFFICER HOLESTEAD,
CORRECTIONAL OFFICER MCCALL,
CORRECTIONAL OFFICER SNIDER,
CORRECTIONAL OFFICER LOPEZ,
CORRECTIONAL OFFICER STRICKLETT,
ANTHONY A. DECESARO, and
ARISTEDES ZAVARAS,

      Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW
CASE TO A DISTRICT JUDGE AND MAGISTRATE JUDGE

---

      Plaintiff, John Michael Broadus, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) who currently is incarcerated at the Centennial South

Correctional Facility in Cañon City, Colorado.  He initiated this action *pro se* by filing a

prisoner complaint pursuant to 42 U.S. § 1983 for money damages.  Mr. Broadus has

been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28

U.S.C. § 1915, without payment of an initial partial filing fee.

      On May 11, 2011, Magistrate Judge Boyd N. Boland ordered Mr. Broadus to file

within thirty days an amended complaint that sued the proper parties, complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and asserted the personal participation of each named Defendant.  On June 2, 2011, Mr. Broadus submitted an amended § 1983 complaint for money damages.

Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Broadus is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Broadus's filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the complaint and the action will be drawn in part and dismissed in part pursuant to § 1915(e)(2)(B) as legally frivolous.

In the amended complaint Mr. Broadus asserts five claims, which he and the

2

Court have grouped as claims of cruel and unusual punishment, failure to protect, due process violations, racial discrimination and equal protection, and retaliation.

Cruel and Unusual Punishment

He bases his first claim on different instances of alleged cruel and unusual punishment, each of which will be drawn to a district judge and magistrate judge.  In claim 1A, he alleges that, from May 2008 through October 2009, Defendant Sergeant Erps subjected him to constant sexual abuse and harassment in front of other correctional officers.  He further alleges that Sergeant Erps also pressured him to commit sexual acts and, when Mr. Broadus refused to do so, he either was terminated from his prison job or relocated to another pod.

In claim 1B, he asserts that from May 2008 through October 2009, Lieutenant Directo physically assaulted him, punching him in the arms, chest, and stomach, and slamming him up against walls, causing him injury.

In claim 1C, he contends that in March to April 2009, when he failed to comply with the orders of Sergeant Erps and Lieutenant Directo to control other inmates in his pod, these defendants verbally harassed or threatened him, and Lieutenant Directo physically assaulted him.  He also contends that these defendants and Sergeant Davis moved him to other pods or demoted him when he failed to control the pod.  It is not clear whether it was Mr. Broadus's prison job to control other inmates in his pod.

Failure to Protect

In his second claim, Mr. Broadus is suing the defendants Lieutenant Directo, Sergeant Davis, and correctional officers Holestead, McCall, Snider, Lopez, and Stricklett, for allegedly witnessing and failing to report Sergeant Erps' sexual abuse and

3

harassment discussed in claim 1A above.  He also makes the vague allegation that these defendants observed Sergeant Erps discriminate against him on the basis of race.

Mr. Broadus alleges that in mid November and December 2009, he and his family contacted Warden Rae Timme and Aristedes W. Zavaras, DOC executive director, making assertions that he had been subjected to violations of the Prison Rape Elimination Act, physical assault, and retaliation for threatening to expose the correctional officers allegedly involved in crimes against him.  He also contends he and his family warned Warden Timme and Mr. Zavaras he was being set up and falsely charged with the disciplinary offense of assault and robbery/extortion.  He apparently complains that the only action taken was for Mr. Zavaras to forward his complaint to Warden Timme.

<u>Due Process</u>

As his third claim, Mr. Broadus argues that the defendant Lieutenant Jackie McCall denied him due process at his administrative segregation hearing of December 17, 2009, which was held after his disciplinary convictions of November 24, 2009, on assault and robbery/extortion charges.  He specifically alleges that Lieutenant McCall presented evidence at the hearing he was unaware of and was not given the opportunity to challenge.  He alleges that, based upon this evidence, he was placed in administrative segregation.

<u>Racial Discrimination/Equal Protection</u>

Mr. Broadus characterizes his fourth claim as a claim of both racial discrimination and equal protection violations.  As his claim of racial discrimination, Mr. Broadus

4

complains that, in June 2008, Sergeant Erps referred to him as a "'house nigger,'" amended complaint at 6(a), and made racial comments and jokes in the presence of other correctional officers.   Mr. Broadus's claim of verbal defamation and harassment do not rise to the level of a constitutional deprivation.   Verbal harassment and threats without more do not state an arguable constitutional claim. *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992); *Cumbey v. Meachum*, 684 F.2d 712, 714 (10th Cir. 1982) (per curiam); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (per curiam).   Mr. Broadus does not assert that he was threatened or physically assaulted due to the comments made to him in front of other correctional officers.

He also contends his equal protection rights were violated on November 24 and December 13 and 15, 2009, after his step-one grievance was granted and an investigation was conducted into his allegations that he had been subjected to violations of the Prison Rape Elimination Act, physical assault, and retaliation.   He argues that, because his steps two and three grievances were considered resolved, he failed to receive the relief to which he was entitled, i.e., mental health treatment and counseling. He asserts the equal protection claim against Mr. Zavaras, DOC executive director; Anthony A. DeCesaro, grievance officer; and Warden Timme.

Mr. Broadus's equal protection claim is without merit.   He fails to allege that he is similarly situated to other inmates, or that he has not been treated the same as similarly situated inmates.   He does not specifically identify any similarly situated individuals; rather, he generally complains that he is being treated differently because he was not provided with mental health treatment and counseling.   Therefore, it is not clear that Mr. Broadus has been treated differently than any similarly situated individual. *See City of*

*Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). The fourth claim will be dismissed as legally frivolous.

Retaliation

As his fifth and final claim, Mr. Broadus alleges that Lieutenant Directo and Sargeant Erps retaliated against him. However, his allegations are vague and conclusory and fail to specify what, if any, acts constitute the retaliation about which he complains. He cites to a sequence of events in 2009 without explaining how they resulted in retaliation: being charged with and found guilty of disciplinary charges for assault and robbery/extortion, being placed in administrative segregation following a hearing, and apparently making allegations of retaliation against Lieutenant Directo and Sargeant Erps in grievances, which he contends Warden Rae Timme had the opportunity to address in Plaintiff's administrative segregation hearing. He further contends that the step-three grievance officer, Anthony A. DeCesaro, ignored his retaliation allegations against Lieutenant Directo and Sargeant Erps. Lastly, he alleges that, on January 26, 2010, an investigation into his retaliation allegations was concluded; the allegations in his grievance proved true; and yet on January 29, 2010, "the same unknown respondent who answered the step two grievance signed off on Plaintiff's Administraive Segregation appeal as the 'administrative head' – denying Plaintiff's appeal." Amended complaint at 6(g).

Prison officials may not retaliate against an inmate for exercising his constitutional rights. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). However, in order to demonstrate retaliation, prisoners must "allege specific facts

6

showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990); *see Peterson*, 149 F.3d at 1144 (a prisoner must demonstrate that the "alleged retaliatory motives were the 'but for' cause of the defendants' actions").

Plaintiff does not allege that he was retaliated against for filing a grievance. *See Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991). In fact, he fails to make any factual allegations showing that he was retaliated against as the result of his exercise of a constitutional right. Merely making the vague and conclusory allegation that his constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the Court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Therefore, Mr. Broadus's fifth claim based upon vague and conclusory allegations of retaliation will be dismissed as legally frivolous.

Accordingly, it is

ORDERED that claims four and five asserted by Plaintiff, John Michael Broadus, are dismissed pursuant to § 1915(e)(2)(B) as legally frivolous. It is

FURTHER ORDERED that Defendant, Anthony A. DeCesaro, who is only named as a Defendant in claims four and five, is dismissed as a party to this lawsuit. It is

FURTHER ORDERED that the clerk of the Court remove the name of Anthony A. DeCesaro as a party to this lawsuit. It is

7

FURTHER ORDERED that claims one, two, and three and the case are drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __12th__ day of ____July_____, 2011.

BY THE COURT:


____s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00802-BNB

John Michael Broadus
Prisoner No.  82190
Centennial Correctional Facility
P.O. Box 600
Cañon City, CO 81215

I hereby certify that I have mailed a copy of the **ORDER** to the above-named
individuals on July 12, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                  Deputy Clerk