IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 11-cv-00802-CMA-KMT

JOHN MICHAEL BROADUS,

    Plaintiff,

v.

WARDEN RAE TIMME,
LIEUTENANT JACKIE McCALL,
LIEUTENANT DIRECTO,
SERGEANT ERPS,
SERGEANT DAVIES,
CORRECTIONAL OFFICER HOLESTEAD,
CORRECTIONAL OFFICER McCALL,
CORRECTIONAL OFFICER SNIDER,
CORRECTIONAL OFFICER LOPEZ,
CORRECTIONAL OFFICER STRICKLETT, and
ARISTEDES ZAVARAS,

    Defendants.

---

**ORDER DENYING MOTION FOR RECONSIDERATION PURSUANT TO
28 U.S.C. § 636(b)(1)(A) AND MOTION PURSUANT TO FED. R. CIV. P. 54(b)**

---

This matter is before the Court on *pro se* prisoner Plaintiff John Michael Broadus's Motion for Reconsideration Pursuant to 28 U.S.C. § 636(b)(1)(A) (Doc. # 32) and Motion Pursuant to Fed. R. Civ. P. 54(b) (Doc. # 33). For the following reasons, the Motions are denied.

## I. BACKGROUND

This action arises from events that occurred while Plaintiff was housed at the Fremont Correctional Facility. On March 29, 2011, Plaintiff filed a complaint against the above-captioned Defendants and Anthony A. DeCesaro, all of whom are corrections employees, and the Mental Health Department, alleging claims of: (1) sexual assault/abuse and harassment, in violation of the Eighth Amendment; (2) "failure to protect" Plaintiff from the aforementioned sexual abuse/harassment, in violation of the Eighth Amendment; (3) denial of a fair and impartial administrative segregation hearing, in violation of Plaintiff's Fourteenth Amendment due process rights; (4) racial discrimination and violations of Plaintiff's Equal Protection under the Fourteenth Amendment; and (5) retaliation in violation of the First Amendment.[1] On June 2, 2011, Plaintiff filed an Amended Complaint against the above-captioned Defendants and Mr. DeCesaro, alleging the same five claims for relief. (Doc. # 8.)

On July 12, 2011, Senior Judge Lewis Babcock issued an Order dismissing Plaintiff's fourth and fifth claims for relief as legally frivolous and, consequently, dismissing Mr. DeCesaro from the action.[2] (Doc. # 10 at 6, 7.)[3] On July 22, 2011, Plaintiff appealed Judge Babcock's decision. (Doc. # 17.) However, on July 25, 2011,

---

[1] Not all the claims are against all Defendants.

[2] The fourth and fifth claims for relief were the only claims asserted against Mr. DeCesaro.

[3] Subsequent to Judge Babcock's Order, the case was assigned to the undersigned (Doc. # 11), and referred to Magistrate Judge Kathleen M. Tafoya, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b). (Doc. # 15.)

the Tenth Circuit tolled the briefing on the merits because "the district court has not entered a judgment final as to all parties and as to all claims and that this appeal does not fall under any recognized exception to the final judgment rule." (Doc. # 26 at 1.) The Circuit Court further noted that Claims One, Two, and Three do not appear to have been resolved in the district court. *Id.* Accordingly, the court directed Plaintiff to file a district court order containing final judgment. (*Id.* at 2.)

Also on July 22, Plaintiff filed a Motion for Court Appointed Counsel at State's Expense. (Doc. # 18.)[4] In support, Plaintiff states that court-appointed counsel is necessary because he is confined to his cell for twenty-three hours a day and is "unable to provide Defendants with copies of any motions filed by him" because "he is only issued twenty five sheets of blank paper and three manilla [sic] envelopes a month – not nearly enough to handwrite eleven copies/duplicates of any motions filed by the Plaintiff." (*Id.* at 2.) Accordingly, Plaintiff asserts that his "inability to provide copies for the Defendants hinders his ability to abide by Fed. R. Civ. Procedure mandating that he do so, and jeopardizes the progression of the suit against the Defendants." (*Id.*)

That same day, Plaintiff also filed a Motion for Investigation Records at State's Expense, asking the Court to order the production of "the complete transcripts and records of the investigation [that occurred on or about November 24, 2011 through January 29, 2011] conducted by the Office of the Attorney General, the Colorado Criminal Investigation Department and/or the facility Internal Affairs relating to the

---

[4] On July 25, 2011, the Motion was referred to Magistrate Judge Tafoya. (Doc. # 23.)

allegations of sexual abuse/harassment, physical assault and the correctional officers (Defendants) who either witnessed or participated in the violations." Plaintiff further states that these documents "contain witness testimony and possibly admissions of violations of federally protected rights." (Doc. # 19 at 3.)

On July 25, 2011, Judge Tafoya issued an Order denying Plaintiff's Motion. (Doc. # 24.) In pertinent part, Judge Tafoya reasoned that,

> Plaintiff's imprisonment is not a unique circumstance requiring the appointment of counsel. The factual and legal issues in this case are not particularly complex, novel or difficult to analyze. Plaintiff has demonstrated an ability to communicate the bases of his claims to the court in his complaint and the motions he has filed. Given the liberal standards governing *pro se* litigants, it appears that Plaintiff can adequately present his case without the assistance of counsel.

(*Id.* at 2.)

That same day, Magistrate Judge Tafoya issued a Minute Order denying Plaintiff's Motion for Investigation Records at State's Expense on grounds that it was premature. (Doc. # 25 at 1) ("Plaintiff may request that the defendants produce documents . . . after the court enters a scheduling order and orders for discovery.")

On August 8, 2011, Plaintiff filed a Motion for Reconsideration Pursuant to 28 U.S.C. § 636(b)(1)(A), seeking the undersigned's reconsideration of Magistrate Judge Tafoya's Order denying Plaintiff's Motion for Court Appointed Counsel and Order Denying Motion for Investigation Records at State's Expense ("August 8 Motion for Reconsideration"). (Doc. # 32.)

Also on August 8, Plaintiff filed a Motion Pursuant to Fed. R. Civ. P. 54(b), asking the Court to enter final judgment in connection with Plaintiff's Claims Four and Five, to allow Plaintiff to proceed with his appeal of Judge Babcock's dismissal of Plaintiff's Claims Four and Five and dismissal of Mr. DeCesaro from this action.  (Doc. # 33.)

## II.  STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 72(a), the district court must consider a party's timely objections to a magistrate judge's order on non-dispositive pre-trial matters and modify or set aside any part of the order that is clearly erroneous or is contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir.1997); *Ariza v. U.S. West Communications, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996).  Objections are timely if filed by a party within 14 days after being served a copy of the magistrate judge's order. Fed. R. Civ. P. 72(a).  Accordingly, Plaintiffs' objections will be overruled unless the Court finds that the magistrate judge abused her discretion or, if after viewing the record as a whole, the Court is left with a "definite and firm conviction that a mistake has been committed." *Ariza*, 167 F.R.D. at 133 (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir.1988)).  The Court has conducted a *de novo* review and, for the reasons discussed below, the Court finds that Magistrate Judge Tafoya's Orders are not clearly erroneous or contrary to law.  Accordingly, the Orders (Doc. ## 24, 25) are affirmed.

### III. PLAINTIFF'S MOTION FOR COURT APPOINTED COUNSEL AT STATE'S EXPENSE (Doc. # 18)

In his August 8 Motion for Reconsideration, Plaintiff duly notes the Court's discretion to appoint counsel to represent indigent persons.  However, Plaintiff asserts that the Magistrate Judge failed to consider (1) the merits of his claims and (2) his ability to investigate the facts and present his claims.  (Doc. # 32 at 2.)  First, Plaintiff maintains that his claims are meritorious as evidenced by the actions taken in response to his Steps Two and Three grievances, and by the fact that two of the accused Defendants "were either terminated from their position of employment as DOC officers or forced to resign."  (*Id.* at 3.)  Second, Plaintiff asserts that his ability to investigate the facts and present his claims is hindered because he his is "no longer at Fremont Correctional Facility where the violations of his federally protected rights occurred and cannot 'investigate' the claims in his suit; cannot interview witnesses to the incidents alleged, and has no way of locating them should he desire to subpoena witnesses for trial."  (*Id.* at 3-4.)  Plaintiff also states that counsel is needed because he "will choose to testify in [sic] his own behalf at trial and will need counsel to direct questions as well as locate and prepare expert witnesses for testimony in [sic] Plaintiff's behalf."  (*Id.* at 4.)  Finally, Plaintiff asserts that his placement in maximum security with "virtually no resources" and where he "is only given twenty-five blank sheets of paper a month" will make it difficult for him to file the necessary pre-trial motions and "to produce enough evidence to survive summary judgement [sic]."  (*Id.*)

At the outset, the Court notes that Plaintiff has failed to cite to any authority to support his request for court-appointed counsel **at the State's expense**. Rather, pursuant to 28 U.S.C. § 1915(e)(1), a court has discretion to request **volunteer** counsel for a civil litigant proceeding *in forma pauperis*, such as Plaintiff. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). In determining whether to appoint counsel under 28 U.S.C. § 1915(e), the Tenth Circuit has directed district courts to evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual and legal issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel. Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (internal quotations and citations omitted). A plaintiff's incarceration in a maximum security facility does not, by itself, render the plaintiff's circumstances extreme or necessitate the court's appointment of volunteer counsel. *See, e.g.*, *Schiro v. Clark*, No. 10-cv-00203, 2010 WL 4974572, at *1 (D. Nev. Nov. 29, 2010) (unpublished) (denying motion to appoint counsel from prisoner in maximum security facilities upon finding that he was fully able to litigate the case on his own).

The Court finds that, at this preliminary stage in the proceedings, Plaintiff has not met his burden of showing that his situation is so extreme that the lack of counsel will

result in fundamental unfairness.  Although Plaintiff is concerned about his ability to present evidence to defeat a motion for summary judgment, the Court notes that this case is only at the motion to dismiss stage and that motion is not yet fully briefed.  (*See* Doc. # 52.)  Therefore, the merits of Plaintiff's remaining claims is not yet ripe for review.  In the event that any or all of Plaintiff's remaining claims are deemed meritorious, Plaintiff may file anew a motion for court-appointed volunteer counsel pursuant to 28 U.S.C. § 1915.  However, with respect to the present Motion for Court Appointed Counsel, the Court finds no error in Magistrate Judge Tafoya's denial.  The Court agrees that, at present, Plaintiff has demonstrated an ability to prosecute his claims.

Accordingly, Plaintiff's Motion for Reconsideration is denied to the extent it asks the Court to overturn Judge Tafoya's July 25, 2011 Order denying Plaintiff's Motion for Court Appointed Counsel at State's Expense (Doc. # 24).

### IV.  PLAINTIFF'S MOTION FOR INVESTIGATION RECORDS AT STATE'S EXPENSE

In his August 8 Motion for Reconsideration, Plaintiff states that "the denial of Plaintiff's Motion for Investigating Records makes it particularly and practically impossible for Plaintiff to investigate the claims made against the Defendants and/or properly prepare for trial – as well as pretrial conferences where the validity of Plaintiff's allegations will be called into question and proof or evidence may be required or expected – not to mention specific dates, names and locations relevant to the claims made in this suit which are available in the investigating records." (Doc. # 32 at 5.)

Regardless of whether Plaintiff's access to the requested investigatory records is necessary for Plaintiff to investigate and prosecute his claims, the Court finds no error in Magistrate Judge Tafoya's determination that this request is premature; at this juncture in the proceedings, only one Defendant has responded to the Complaint.  All other answers or other responses are due by September 16, 2011, and, as previously noted, the one pending motion to dismiss, which concerns Plaintiff's allegations within the four corners of the Complaint, is not fully briefed.

Accordingly, Plaintiff's August 8 Motion for Reconsideration is denied to the extent it asks the Court to overturn Magistrate Judge Tafoya's July 25, 2011 Minute Order denying Plaintiff's Motion for Investigation Records at State's Expense (Doc. # 19).

## V.  **PLAINTIFF'S MOTION PURSUANT TO FED. R. CIV. P. 54(b)**

Fed. R. Civ. P. 54(b) provides that:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"The purpose of Rule 54(b) is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available."

*Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) (internal citations and quotation marks omitted). However, the standard for certification under Rule 54(b) is not easily met.

> [A] certification under Rule 54(b) is only appropriate when a district court adheres strictly to the rule's requirement that a court make two express determinations. First, the district court must determine that the order it is certifying is a final order. Second, the district court must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case.

*Id.* at 1242 (internal citations omitted).

In the instant case, the Court finds just reason to delay review of Plaintiff's dismissed claims. Specifically, the pending claims and the ones that were dismissed share defendants, namely Mr. Zavaras, Warden Timme, Lieutenant Directo, and Sergeant Erps. Thus, these Defendants would have to defend the case in two courts simultaneously. This situation would undermine the policy of Rule 54(b) of seeking to avoid multiple, piecemeal appeals. *See Stockman's Water Co., LLC v. Vaca Partners, L.P.,* 425 F.3d 1263, 1265 (10th Cir. 2005). Accordingly, the Court finds that there is just reason to delay review of Plaintiff's dismissed claims.

## VI. **CONCLUSION**

Accordingly, IT IS ORDERED THAT:

(1) Plaintiff's Motion for Reconsideration Pursuant to 28 U.S.C. § 636(b)(1)(A) (Doc. # 32) is DENIED;

(2) Magistrate Judge Kathleen M. Tafoya's July 25, 2011 Order denying Plaintiff's Motion for Court Appointed Counsel at State's Expense (Doc.

   # 24) and July 25, 2011 Order denying Plaintiff's Motion for Investigation Records at State's Expense (Doc. # 25) are AFFIRMED;

(3) In the event that any or all of Plaintiff's remaining claims are deemed meritorious, Plaintiff may file anew a motion for court-appointed volunteer counsel pursuant to 28 U.S.C. § 1915; and

(4) Plaintiff's Motion Pursuant to Fed. R. Civ. P. 54(b) (Doc. # 33) is DENIED.

DATED: September __09__, 2011

          BY THE COURT:

          _____
          CHRISTINE M. ARGUELLO
          United States District Judge